**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Parallel Networks, LLC, | `6:10cv506`<br>SEVERED FROM |
| Plaintiff, | No. 6:10-cv-00111-LED |
| v. | Jury Trial Demanded |
| Abercrombie & Fitch Co, et al. | |
| Defendants | |

**PLAINTIFF'S OPPOSITION TO BLOCKBUSTER'S MOTION TO DISMISS THE
SECOND AMENDED COMPLAINT UNDER RULE 12(b)(6)**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

I. INTRODUCTION ..................................................................................................... 1

    A. U.S. Patent No. 6,446,111 ............................................................................... 1

    B. Allegation of Infringement .............................................................................. 2

II. THE APPLICABLE LAW ........................................................................................ 5

III. PARALLEL NETWORKS' COMPLAINT FULLY COMPLIES WITH THE APPLICABLE LAW ................................................................................................. 9

    A. Parallel Networks' Accusation of Direct Infringement is Properly Pled ......... 9

    B. Parallel Networks' Accusation of Indirect Infringement is Properly Pled ...... 9

    C. Parallel Networks' Accusation of Willful Infringement is Properly Pled ..... 11

CONCLUSION .................................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) ......................................................................................................... 6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................ 6, 8

*Blackburn v. Marshall*,
   42 F.3d, 925 (5th Cir. 1995) ............................................................................................... 5

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,
   116 F.3d 1364 (11th Cir. 1997) ......................................................................................... 6

*Campbell v. Wells Fargo Bank,*
   781 F.2d 440 (5th Cir.1986) ............................................................................................... 5

*Clear with Computers, LLC v. Bergdorf Goodman, Inc.*,
   No. 6:09-cv-481, slip op. (E.D. Tex. Mar. 29, 2010) (Davis, J.) (Doc. 77) .................. 5, 7, 8, 10

*Conley v. Gibson,*
   355 U.S. 41 (1957) ............................................................................................................. 5

*Doe v. MySpace*,
   528 F.3d 413 (5th Cir. 2008) ............................................................................................. 6

*Eolas Techs., Inc. v. Adobe Systems, Inc.*,
   6:09-cv-446, slip op. (E.D. Tex. May 6, 2010) (Davis, J.) (Doc. 282) ............................... 5, 8, 9

*Fotomedia Techs., LLC v. AOL*,
   2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (Everingham, Mag.) ................................. 8

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed.Cir. 2007) ................................................................................... 12, 13

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,*
   677 F.2d 1045 (5th Cir.1982) ............................................................................................. 5

*Lowery v. Texas A&M Univ. Sys.,*
   117 F.3d 242 (5th Cir. 1997) ............................................................................................. 6

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed.Cir. 2007) .................................................................................. passim

*Photometrics, Inc. v. Hospitality Franchise Systems*,
   203 F.3d 790 (Fed.Cir. 2000) ...................................................................................... 6, 7, 9

**Statutes**

35 U.S.C. §271(a) ................................................................................................................. 10

**Rules**

Form 18, Fed.R.Civ.P. ............................................................................................... 6, 7, 8, 9

Rule 12(b)(6), Fed.R.Civ.P. ................................................................................................. 5

Rule 8(a)(2), Fed.R.Civ.P. ................................................................................................... 6

Rule 84, Fed.R.Civ.P. ...................................................................................................... 6, 8

Rule 9(b), Fed.R.Civ.P. ................................................................................................ 10, 12

Plaintiff Parallel Networks, LLC ("Parallel Networks") hereby responds to and opposes Blockbuster's Motion to Dismiss the Second Amended Complaint under Rule 12(b)(6) ("Blockbuster's Motion"). Blockbuster asks this Court to dismiss Parallel Networks' accusation that Blockbuster indirectly infringes U.S. Patent No. 6,446,111 ("the '111 patent") and the further accusation that Blockbuster willfully infringes the '111 patent.  Importantly, Blockbuster *does not ask* for dismissal of the accusation of direct infringement, thus conceding that the charge of direct infringement has been properly pled.  For the reasons discussed below, Blockbuster's motion should be denied.  In the event that this Court grants Blockbuster's motion in whole or in part, Parallel Networks respectfully asks this Court to grant Parallel Networks leave to amend its complaint.

## I.   INTRODUCTION

The patent at issue, the '111 patent, was filed on June 18, 1999, and issued on September 3, 2002.  It is entitled "Method and Apparatus for Client-Server Communication Using a Limited Capability Client Over a Low-Speed Communications Link." (D.I. 106, Second Amended Complaint at ¶34, Exh. A).  Parallel Networks owns all right, title and interest in the '111 patent. This Court has subject matter jurisdiction over this patent infringement action and venue is proper in this district.  (D.I. 106, Second Amended Complaint at ¶¶32-33).

### A.   U.S. Patent No. 6,446,111

The '111 patent is directed to systems and methods that allow a server to receive a request from a client (*e.g.*, an end user), the server then dynamically generating a particular type of applet or response as disclosed in the '111 patent that is transferrable back to the client.  The client may be any type of computing device, including a computer, PDA, handheld device, or mobile phone.  (*e.g.*, D.I. 1, Exh. A, '111 patent at col. 8, ll. 14-18, 21-24, col. 9, ll. 49-50).  For example, if a person (a client) is attempting to rent a movie from Blockbuster, Blockbuster may

provide the client with an applet with customized capabilities for movie browsing along with the necessary data to use with the browser (*See, e.g.*, D.I. 1, Exh. A, '111 patent at col. 2, ll. 55-65).

As disclosed in the '111 patent, the patented invention provides many advantages over the prior art. (*Id.* at col. 2, ll. 55 – col. 3, ll. 22). One advantage of the patented invention is that it allows for the decrease of the total amount of data transferred between the client and the server thus allowing for increased speed and efficiency. (*Id.* at col. 3, ll. 11-17). Another advantage of the invention is that it allows the client using a computing device that has limited storage capabilities to initiate and complete the transaction without having to load and store a variety of support programs that may be required by the server. (*Id.* at col. 2, ll. 67 – col. 3, ll. 5). Another advantage is that resources of the client device can be freed by discarding the applet after the transaction. (*Id.* at col. 3, ll. 6-10). Yet another advantage of the patented invention is the efficiency created by the avoidance of transmitting duplicate data. (*Id.* at col. 3, ll. 17-23). Because of these powerful advantages that can be achieved in the use of the patented invention, Parallel Networks believes that the '111 patent is being widely infringed. Indeed, as the complaint establishes, the invention can be used for websites in a wide variety of business models, including movie, clothing, automobiles, and general and specialty retailers along with entities providing services such as banking, auction, design, travel, and entertainment services.

  B.  **Allegation of Infringement**

At present, Parallel Networks accuses Blockbuster of infringing claim 1 of the '111 patent. Parallel Networks intends to assert additional claims and will identify those claims in a timely fashion after the Court's case management conference or at such other time as may be appropriate or required by the Court.

Claim 1 of the '111 patent reads as follows:

A data processing system comprising:

> a server coupled to a communications link and operable to receive a request from a client device and to collect a plurality of data items, wherein the data items comprise specific information collected as a function of the request;
>
> an executable applet dynamically generated by the server in response to the request, a constituent system associated with the applet comprising a subset of the data items, each data item in the subset used as at lease [*sic*, least] one pre-loaded value in the applet;
>
> a further constituent system associated with the applet comprising a data interface capability configured to provide a plurality of operations on the pre-loaded values, the operations comprising operations associated with the subset of the data items; and
>
> the applet operable to be transferred over the communications link to the client device.

(D.I. 1, Exh. A, '111 patent at col. 17, ll. 47-65).

Although, as stated above, Blockbuster does not challenge the sufficiency of Parallel Networks' accusation of direct infringement, the direct infringement charge is nonetheless relevant to Blockbuster's motion. The direct infringement accusation with respect to claim 1 reads as follows:

> 45.   On information and belief, Defendant BLOCKBUSTER, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.blockbuster.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

3

(D.I. 106, Second Amended Complaint at ¶45). Although a patentee need not identify infringing claim elements in the complaint, *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed.Cir. 2007), from the above allegation it is clear that in reciting the elements of claim 1 that Parallel Networks sufficiently put Blockbuster on notice that it directly infringes at least claim 1 of the '111 patent by making and using its website at www.blockbuster.com. Blockbuster has no answer to what is clear: Blockbuster is accused of infringing claim 1.

On the contested issue of indirect infringement, Parallel Networks pleads as follows:

> 46. Further, on information and belief, at least since becoming aware of the '111 patent, BLOCKBUSTER, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.blockbuster.com by others.
>
> 47. Upon information and belief, any such induced infringement by BLOCKBUSTER, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.
>
> 48. Defendant BLOCKBUSTER, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

(D.I. 106, Second Amended Complaint at ¶¶46-48). Plainly, the complaint alleges that Blockbuster as a direct infringer is also an indirect infringer by inducing or contributing to the using of its website at www.blockbuster.com by "others," *e.g.*, client end users. The requisite level of intent required for the assertion of contributory infringement is also alleged, as is the relevant statute, *i.e.*, 35 U.S.C. §271. (*Id.*).

On the issue of willful infringement, Parallel Networks pleads as follows:

> 140. * * * In any event, on information and belief, Parallel Networks contends that, at a minimum, such Defendants continuing infringement of the '111 patent during the

4

pendency of this suit is willful, including because their infringement is clear and, at a minimum, such continued infringement would necessarily be an objectively reckless act.

(D.I. 106, Second Amended Complaint at ¶140). While Blockbuster alleges that Parallel Networks only charges it with post-complaint willful infringement, that is not so. The Prayer for Relief states as follows:

> WHEREFORE, Parallel Networks respectfully requests that this Court enter:
>
> \*        \*        \*
>
> 2.    A judgment that the Defendants' infringement is and/or has been willful and objectively reckless.

(D.I. 106, Second Amended Complaint at Prayer for Relief ¶2). Plainly, the complaint states that Blockbuster willfully infringed pre-complaint and continues to willfully infringe post-complaint.

## II.    THE APPLICABLE LAW

The applicable law is well-settled and is not in dispute. Regional circuit law applies to motions to dismiss for the failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P. *McZeal*, 501 F.3d at 1355-56; *Eolas Techs., Inc. v. Adobe Systems, Inc.*, 6:09-cv-446, slip op. at 2-4 (E.D. Tex. May 6, 2010) (Davis, J.) (Doc. 282); *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, slip op. at 2-4 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (Doc. 77). The standard for deciding a Rule 12(b)(6) motion has been summarized by the Court of Appeals for the 5th Circuit as follows:

> A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir.1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir.1986). The district court may not dismiss a complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); [*Blackburn v. Marshall,* 42 F.3d, 925, 931 (5th Cir. 1995)]. This strict standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid

claim for relief." 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE ß 1357, at 601 (1969).

*Lowery v. Texas A&M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997); *see Photometrics, Inc. v. Hospitality Franchise Systems*, 203 F.3d 790, 793-794 (Fed.Cir. 2000) ("the dismissal standard is extraordinary and one not to be taken lightly;" a motion to dismiss "is viewed with disfavor and rarely granted." "Dismissal of a claim… is a precarious disposition with a high mortality rate." (*citing and quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997))). Therefore, the central issue is, in the light most favorable to Parallel Networks and with the complaint liberally construed in its favor, whether Blockbuster has satisfied its burden of showing that the complaint pleads no claim upon which relief can be granted. *McZeal*, 501 F.3d at 1356; *Doe v. MySpace*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. A complaint does not need detailed factual allegations; all that is required is that Parallel Networks plead sufficient factual allegations to show that Parallel Networks is plausibly entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007) ("[W]e do not require heightened fact pleadings of specifics, but only enough facts to state a claim to relief that is plausible on its face."). A complaint by a patentee "need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357. Determining whether the complaint states a plausible claim for relief is a context-specific task that requires this Court "to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

Rule 84, Fed.R.Civ.P., states that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Form 18, Fed.R.Civ.P.,

provides a sample complaint for patent infringement and does not require extensive factual pleading:

(Caption—See Form 1.)

1. (Statement of Jurisdiction—See Form 7.)

2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court. 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all electric motors it manufactures and sells and has given the defendant written notice of the infringement.

4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.[1]

Therefore, the plaintiff demands:

(a) a preliminary and final injunction against the continuing infringement;

(b) an accounting for damages; and

(c) interest and costs.

(Date and sign—See Form 2).

Form 18, Fed.R.Civ.P. (2007) (emphasis in original); *see also McZeal*, 501 F.3d at 1356-57 (describing the requirements of the form (current Form 18 was previously numbered Form 16 prior to the revision of the Federal Rules in 2007)); *Clear with Computers*, No. 6:09-cv-481, slip op. at 3; *accord Photometrics*, 203 F.3d at 793-794 (listing the pleading requirements that are met here).

---

[1] The issue of marking is addressed in the complaint, *see* D.I. 106, Second Amended Complaint at ¶138, and is not an issue here.

Form 18 is addressed generally to the pleading requirements of direct infringement but it also provides guidance on the pleading requirements for indirect infringement. Although Parallel Networks did indeed plead every element of claim 1 (D.I. 106, Second Amended Complaint at ¶ 45), Form 18 does not require pleading each element of the asserted claims for direct infringement and such pleading is also not required for indirect infringement. *See*, *e.g.*, *McZeal*, 501 F.3d at 1357 (Referring to the predecessor to Form 18 (Form 16), "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent."); *Fotomedia Techs., LLC v. AOL*, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (Everingham, Mag.) (denying motion to dismiss indirect infringement because neither the sample complaint form nor the Federal Circuit require pleading every element of a claim for indirect infringement).

Blockbuster's assertion that the viability of Form 18 is somehow now in question is flatly wrong. (*See*, D.I. 137, Blockbuster's Motion at 5 n.1). The authorities hold that the Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the applicability of Form 18 to pleading patent infringement. *Eolas Techs.*, 6:09-cv-446, slip op. at 3; *see Clear with Computers*, 6:09-cv-481, slip op. at 3. To hold otherwise would render Rule 84 and Form 18 invalid, which cannot be done by judicial action. *See Twombly*, 550 U.S. at 569 n.14; *Eolas Techs.*, 6:09-cv-446, slip op. at 3. In sum, a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face. *See* Rule 84, Fed.R.Civ.P.

With respect to pleading intent or knowledge, it is well settled under Rule 9(b), Fed.R.Civ.P., and undisputed by Blockbuster, that "intent, knowledge, and other conditions of a person's mind may be alleged generally."

### III. PARALLEL NETWORKS' COMPLAINT FULLY COMPLIES WITH THE APPLICABLE LAW

As shown below, Parallel Networks' complaint complies with the pleading requirements for (a) direct infringement, (b) indirect infringement, and (c) willful infringement.

#### A. Parallel Networks' Accusation of Direct Infringement is Properly Pled

There is no dispute that Parallel Networks' accusation of direct infringement is adequately pled. Parallel Networks has (i) properly pled jurisdiction, (ii) identified the patent at issue, the date of its issuance, Parallel Networks' ownership of the patent, (iii) identified the infringing acts committed by Blockbuster and the accused website, and (iv) included a clear demand for relief. *E.g.,* Form 18, Fed.R.Civ.P.; *McZeal*, 501 F.3d at 1356-57; *Photometrics*, 203 F3d at 793-794. Parallel Networks identified the accused website as www.blockbuster.com, and Blockbuster does not deny that it operates the identified website. This identification is sufficient under the law. *Eolas Techs.*, 6:09-cv-446, slip op. at 4.

#### B. Parallel Networks' Accusation of Indirect Infringement is Properly Pled

In order to meet its burden on a motion to dismiss, Blockbuster concedes that its burden requires a showing that Parallel Networks failed to "identify *any facts* to support its charge of indirect and willful infringement." (D.I. 137, Blockbuster's Motion at 3) (emphasis added). Blockbuster wholly fail to meets its burden.

Blockbuster's initial argument is that Parallel Networks failed to identify a direct infringer. This argument is specious. For the accusation of indirect infringement, the complaint identifies as direct infringers the users of Blockbuster's accused www.blockbuster.com website. (D.I. 106, Second Amended Complaint at ¶46 ("…inducing or contributing to… using of www.blockbuster.com by others."). As explained above, the system used for www.blockbuster.com is accused of infringing all of the elements of claim 1 and, therefore, the

9

users of the accused system (users of www.blockbuster.com) are also direct infringers. *See* 35 U.S.C. §271(a). Blockbuster is unequivocally aware of these direct infringers and has been put on notice of what it must defend against. *See McZeal*, 501 F.3d at 1357. It is telling that Blockbuster never contends that it does not know how to defend itself against Parallel Networks' allegations.

Blockbuster's indirect infringement occurs as follows: Blockbuster induces infringement and contributorily infringes by providing the accused system at www.blockbuster.com for use by end users, causing the end users to be direct infringers. (D.I. 106, Second Amended Complaint at ¶46 ("…inducing or contributing to… [the] *using* of www.blockbuster.com by others") (emphasis added)).

Blockbuster gains nothing from its citation to this Court's decision in *Clear with Computers* for the purported proposition that there must be some unexplained detailed and particular pleading with respect to the person or entity that directly infringes. (D.I. 137, Blockbuster Motion at 4). Blockbuster misstates the law. In *Clear with Computers*, this Court dismissed an indirect infringement allegation because the complaint failed to identify *any entity at all* that was directly infringing. *Clear with Computers*, 6:09-cv-481, slip op. at 9. In this case, as explained above, Parallel Networks' allegation of indirect infringement identified the direct infringers.

Blockbuster's last argument is that the requisite degree of intent has not been pled. This argument wholly fails to recognize the relevant law and misperceives what is required to plead intent. Blockbuster ignores the undisputed rule that "intent, knowledge and other conditions of a person's mind may be alleged generally." Rule 9(b), Fed.R.Civ.P. It is telling that Rule 9(b) is

not even cited or referred to in Blockbuster's motion. Under the undisputable standard of Rule 9(b), Parallel Network's pleading is more than sufficient to pass muster:

> 47. Upon information and belief, any such induced infringement by BLOCKBUSTER, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

(D.I. 106. Second Amended Complaint at ¶47). Clearly Parallel Networks properly pled the requisite level of intent for the accusation of induced infringement (aiding or abetting infringement by making its website available to end users) and contributory infringement (Blockbuster's knowledge that its accused website is not a staple article or commodity of commerce, and that is especially adapted for use in its infringing activities). Blockbuster's motion thus fails as being an improper attempt to sidestep Rule 9, Fed.R.Civ.P., coupled with its failure to address that the pled intent elements of indirect infringement are correct as a matter of law.

    **C.    Parallel Networks' Accusation of Willful Infringement is Properly Pled**

In Blockbuster's attempt to seek dismissal of Parallel Networks' charge of willful infringement, Blockbuster offers two arguments. First, Blockbuster argues that Parallel Networks pled no facts supporting its accusation of willful infringement. (D.I. 137, Blockbuster Motion at 6). Secondly, Blockbuster argues that Blockbuster's post-filing infringement (citing *In re Seagate Tech.* and *Realtime Data LLC v. Morgan Stanley*) cannot as a matter of law form the basis for a charge of willful infringement. (D.I. 137, Blockbuster's Motion at 6). Blockbuster is wrong on both arguments.

A finding of willful infringement requires an objectively reckless act and an appropriate level of subjective bad faith intent/knowledge. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed.Cir. 2007). Both elements have been properly pled:

> 140.   * * * In any event, on information and belief, Parallel Networks contends that, at a minimum, such Defendants continuing infringement of the '111 patent during the pendency of this suit is willful, including because their infringement is clear and, at a minimum, such continued infringement would necessarily be an objectively reckless act.

### **PRAY FOR RELIEF**

> WHEREFORE, Parallel Networks respectfully requests that this Court enter:
>
> \*    \*    \*
>
> 2.   A judgment that the Defendants' infringement is and/or has been willful and objectively reckless;

(D.I. 106, Second Amended Complaint at ¶140, Prayer for Relief at ¶2). First, the "objectively reckless act" alleged in the complaint is Blockbuster's direct and indirect infringement of an issued patent which is presumed valid. (*See* D.I. 106, Second Amended Complaint at ¶¶45-47); *Seagate*, 497 F.3d at 1371. Second, Blockbuster's subjective bad faith intent/knowledge can be pled generally, and that has been done (Blockbuster's infringement is clear). Rule 9(b), Fed.R.Civ.P.; *see*, *e.g.*, *Seagate*, 497 F.3d at 1371 (where the infringing activities are obvious or clear, the intent element can be met). On the merits, the subjective element after being pled generally is then "determined by the record developed in the infringement proceeding." Seagate, 497 F.3d at 1371. Plainly, Parallel Networks identified sufficient facts for its accusation of willful infringement to put Blockbuster on notice as to what it must defend. *See McZeal*, 501 F.3d at 1357. (D.I. 106, Second Amended Complaint at ¶140, Prayer for Relief at ¶2).

Blockbuster attempts to salvage its erroneous arguments by suggesting that *Seagate* held that post-filing conduct cannot form the basis for a finding of willful infringement is baseless.

12

(D.I. 137, Blockbuster's Motion at 7). On the contrary, *Seagate* makes abundantly clear that until a patentee has been granted a motion for a preliminary injunction to halt post-filing infringement, a willfulness accusation based on conduct solely after the litigation began is sustainable, depending on the particular facts of the case. *Seagate*, 797 F.3d at 1374 ("We also recognize that in some cases a patentee may be denied a preliminary injunction despite establishing a likelihood of success on the merits…. In that event, whether a willfulness claim based on conduct occurring solely after litigation began is sustainable well depend on the facts of each case.").

In sum, on the issue of willful infringement, Parallel Networks has pled (i) both pre- and post-complaint conduct as the basis for its assertion of willful infringement, (ii) objective recklessness, and (iii) subjective intent. For these reasons, Blockbuster's motion with respect to willful infringement should be denied. (D.I. 106, Second Amended Complaint ¶140), *Seagate*, 497 F.3d at 1374-1375.

## CONCLUSION

For the foregoing reasons, Blockbuster's motion should be denied. In the alternative, in the event this Court grants Blockbuster's motion either in whole or in part, Parallel Networks requests leave to file an amended complaint at a time ordered by the Court.

Dated: July 9, 2010                                Respectfully submitted,

                                                                By: /s/ Andrew W. Spangler
                                                                         Andrew W. Spangler
                                                                         State Bar No. 24041960
                                                                         Spangler Law P.C.
                                                                         208 N. Green St., Suite 300

        Longview, TX 75601
        Telephone:  (903) 753-9300
        Facsimile:  (903) 553-0403
        Email:spangler@spanglerlawpc.com

        George S. Bosy (*pro hac vice*)
        David R. Bennett (*pro hac vice*)
        Bosy & Bennett
        3712 N. Broadway
        P.O. Box 659
        Chicago, IL 60613
        Telephone: (773) 281-3826
        Email: gbosy@bosybennett.com
            dbennett@bosybennett.com

        ATTORNEYS FOR PLAINTIFF
        PARALLEL NETWORKS, LLC

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 9th day of July, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

        <u>/s/ Andrew W. Spangler</u>
        Andrew W. Spangler